#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

**HODGSON LAW FIRM, LLC,**

    **Plaintiff,**

**v.**

**KRISTI KINGSTON,**

    **Defendant.**

**Case No. 17-2730-DDC-JPO**

#### MEMORANDUM AND ORDER

This matter comes before the court on the parties' Joint Motion to Seal (Doc. 11). The parties ask the court to enter an order sealing plaintiff's Complaint (Doc. 1), defendant's Motion to Strike (Doc. 7), and defendant's Motion to Dismiss (Doc. 8). The parties contend that these documents contain confidential and prejudicial information and that the parties' interest in protecting this information outweighs the public's access to the documents. Specifically, the parties explain that portions of these documents contain confidential information about the parties' settlement negotiations during and after mediation. The parties assert that Mo. Rev. Stat. § 435.014.2[1] and the parties' mediation agreement require the parties to keep this information confidential.

---

[1] Mo. Rev. Stat. § 435.014.2 provides:

> Arbitration, conciliation and mediation proceedings shall be regarded as settlement negotiations. Any communication relating to the subject matter of such disputes made during the resolution process by any participant, mediator, conciliator, arbitrator or any other person present at the dispute resolution shall be a confidential communication. No admission, representation, statement or other confidential communication made in setting up or conducting such proceedings not otherwise discoverable or obtainable shall be admissible as evidence or subject to discovery.

When considering the parties' request here, the court is guided by the standard governing the right of access to judicial records. The Supreme Court recognizes the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S 589, 597 (1978) (citations omitted). But this right is not an absolute one. *Id.* at 598. For example, a court may invoke its "supervisory power over its own records and files" to deny access to "court files [that] might have become a vehicle for improper purposes." *Id.* (citations omitted). A party may rebut the presumption of access to judicial records by demonstrating that "countervailing interests heavily outweigh the public interests in access." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citation and internal quotation marks omitted). The party seeking to deny access must shoulder the burden to establish a sufficiently significant interest that outweighs the presumption of public access. *Id*. (citation and internal quotation marks omitted).

This legal standard thus requires federal courts to assess competing interests, weighing those interests that favor the general right of public access and those that genuinely deserve some protection. When engaging in this endeavor, the case authority confers substantial discretion on district judges. *See*, *e.g.*, *Nixon*, 435 U.S. at 599; *see also Mann*, 477 F.3d at 1149. They must utilize this discretion "in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599. And a reviewing court generally will not disturb a decision "to keep the case file public" unless it holds "a definite and firm conviction that [the district judge] made a clear error of judgment or [one that] exceeded the bounds of permissible choice in the circumstances." *Mann*, 477 F.3d at 1149 (citation and internal quotation marks omitted).

Here, the parties have demonstrated that confidentiality considerations heavily outweigh the public's right to access specific information contained in the Complaint, Motion to Strike,

2

and Motion to Dismiss.  The information discussing the parties' settlement negotiations is deemed confidential by state law, and, the court agrees, the interest recognized by the state law is adequate to disturb the presumption of public access.  But the court declines to seal these documents in their entirety, as the parties request, because only small portions of these documents contain information about the parties' confidential settlement negotiations.

For example, the parties explain that only paragraphs 56–59 and 61–64 of the Complaint (Doc. 1) contain confidential information.  So, the court will preclude public access to this information only.  The court thus directs plaintiff to submit a redacted version of the Complaint, redacting just paragraphs 56–59 and 61–64 from the pleading.  Plaintiff should file this document as an Amended Redacted Complaint.

Also, the court directs defendant to file amended redacted versions of her Motion to Strike (Doc. 7) and Motion to Dismiss (Doc. 8).  These amended redacted versions may omit only those portions of the motions (and the corresponding exhibits) that specifically quote or describe the Complaint's paragraphs containing confidential information or otherwise contain confidential information about the parties' settlement negotiations.

The court orders the parties to file their Amended Redacted versions of the Complaint (Doc. 1), Motion to Strike (Doc. 7), and Motion to Dismiss (Doc. 8), **within 10 days of the date of this Order.**  The court also orders the Clerk of the Court to place under seal the Complaint (Doc. 1), Motion to Strike (Doc. 7), and Motion to Dismiss (Doc. 8).

Finally, the court seeks a clarification from the parties.  It is unclear whether the court's ruling in this Order renders defendant's Motion to Strike (Doc. 7) as moot.  The court thus directs the parties to answer this question by submitting an email to ksd_crabtree_chambers@ksd.uscourts.gov, **within 10 days of the date of this Order.**  If both

parties agree that Doc. 7 is now moot, they shall so state in one joint message provided to the court with a copy to all counsel. If one or more parties contend that Doc. 7 is not moot, it must file a supplemental memorandum explaining why Doc. 7 is not moot.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the parties' Joint Motion to Seal Case (Doc. 11) is granted in part and denied in part. The court grants the parties' request to seal information about the parties' confidential settlement negotiations but denies their request to seal the filings in their entirety.

**IT IS FURTHER ORDERED** that the parties must file Amended Redacted versions of the Complaint (Doc. 1), the Motion to Strike (Doc. 7), and the Motion to Dismiss (Doc. 8), redacting only those portions of the documents that describe the parties' confidential settlement negotiations, **within 10 days of the date of this Order**.

**IT IS FURTHER ORDERED** that the Clerk of the Court should place under seal the Complaint (Doc. 1), the Motion to Strike (Doc. 7), and the Motion to Dismiss (Doc. 8).

**IT IS FURTHER ORDERED** that the parties must advise the court whether this Order moots the pending Motion to Strike. The court directs the parties to email their response to the court at ksd_crabtree_chambers@ksd.uscourts.gov, **within 10 days of the date of this Order.** If both parties agree that Doc. 7 is now moot, they shall so state in one joint message provided to the court with a copy to all counsel. If one or more parties contend that Doc. 7 is not moot, it must file a supplemental memorandum explaining why Doc. 7 is not moot.

**IT IS SO ORDERED.**

**Dated this 14th day of March, 2018, at Topeka, Kansas**

                                          **s/ Daniel D. Crabtree**
                                          **Daniel D. Crabtree**
                                          **United States District Judge**